**In the Matter of Susan E. AMENT, Debtor.**

**Stephen W. SPENCE, Trustee, Plaintiff,**

**v.**

**Susan E. AMENT, David H. Ament, Defendants.**

**Bankruptcy No. 85–386.**

**Adv. No. 86–34.**

United States Bankruptcy Court, D. Delaware.

Aug. 27, 1987.

Stephen W. Spence, Wilmington, Del., Trustee.

Sheryl Rush-Milstead, Wilmington, Del., for defendant David H. Ament.

John M. Willard, Wilmington, Del., for debtor/defendant.

**MEMORANDUM OPINION AND ORDER**

HELEN S. BALICK, Bankruptcy Judge.

This matter is before the court on the trustee's complaint against Susan Ament to vacate property at 37 Dorsey Lane, Bear, Delaware. The trustee also asks that Susan's claimed exemptions be reduced by $3,600 to compensate the bankruptcy estate for rental for the time she remained in the property after filing her petition. Subsequent to the filing of the trustee's complaint, David Ament, Susan's former husband, filed a bankruptcy case and intervened in this adversary proceeding. Each of the Aments has claimed the equity in the property as part of their exemptions; specifically, Susan claimed $4,850 and David claimed $4,700. A hearing on this matter was held February 20, 1987 and counsel have submitted post-trial memoranda.

The property, held by the Aments as tenants in common by virtue of their di-

vorce, sold for $66,000. At the time of trial, the trustee had in his possession $4,728.03. He had already advanced $1,250 to Susan on account of her claimed exemptions and had paid $100 to have the property cleaned and $100 for the trustee's bond premium. The proceeds from sale of the property were therefore $6,178.03. This amount is computed as follows:

| | |
|---|---|
| Amount in Trustee's Possession as of Trial Date | $4,728.03 |
| Advancement to Susan Ament | 1,250.00 |
| Cleaning of Property | 100.00 |
| Bond Premium | 100.00 |
| Total Proceeds from Sale | $6,178.03 |

Susan remained in the property after filing her petition on October 11, 1985 until it was sold on or about July 30, 1986. Her stay has raised two issues in this case. First, the trustee contends that Susan should pay $3,600 to the estate for rental of the property during the nine months she stayed there. This amount represents $400 per month which is approximately equivalent to the amount of interest accruing on two mortgages against the property. Second, Susan claims she is entitled to be reimbursed for the following expenses she incurred during her stay:

| | |
|---|---|
| Electric | — $80 per month October 1985 until February 1986 |
| Electric | — $170 per month February 1986 until August 1986 |
| Telephone | — $15 per month October 1985 until August 1986 |
| Kerosene | — $30 per week 12 weeks |
| Replace Heat Pump | — $900 |
| Clean Smoke Damage | — $90 |
| Repainting | — $70 |

■ Looking first to Susan's expenses, the court finds that the electric, telephone and kerosene expenditures are ordinary living expenses and should not be charged against the estate. On the other hand, replacement of the heat pump, cleaning smoke damage and repainting improve the property and should be chargeable to the estate. Susan therefore is entitled to receive $1,060 from the estate as reimbursement for those expenditures.

■ With regard to the trustee's claim for rent, Susan had use of the property for nine months although no specific details of that use were agreed upon by the parties. It was not determined until the § 341 meeting that there was equity in the property. Susan was given one month to attempt a private sale. Thereafter, the trustee was to list the property for sale with a realtor. The property was listed in April, settlement occurred in July, and Susan vacated the property on July 30, 1986.

If this were the "ideal" bankruptcy case, the debtor, trustee and secured creditors would have made formal arrangements regarding the property and its use. This not having happened, the court must evaluate the respective rights and duties of each of the parties to arrive at an equitable solution.

As stated, Susan had use of the property for nine months. Although it is undisputed that the trustee did not formally demand rent from Susan until June 26, 1986, the trustee's communications to Susan's counsel beginning in January 1986 indicated the likelihood of rent being demanded. In addition, the Code is clear that some compensation must be made to the bankruptcy estate when that estate is being diminished, such as by the debtor's continued use of the property. See 11 U.S.C. § 541.

Although payment of rent to the estate is warranted in this case, it would not be fair to compute the amount owed back to the time Susan filed her petition. A more equitable time would be from the beginning of April when the property was actually listed with a realtor. The amount of rental to be paid shall be $400 per month as the trustee requested, or $1,600, and payment shall be divided between Susan and David. Testimony indicated David was in arrears in child support payments and although sufficient evidence was not produced at trial for the court to determine a specific dollar amount in arrears, testimony did reflect the amount was substantial and at least $800. Therefore, David's $800 is a payment against child support arrearages.

Much of the testimony dealt with other issues not before the court. Consequently,

that portion of the testimony was not considered.

The only matter remaining is the computation of the amount of equity each of the Aments may claim as part of their exemptions. The trustee has an outstanding bill of $35 for towing an automobile from the property which is to be deducted from the total proceeds of the sale. The reimbursable repairs that Susan made totalling $1,060 and the $200 trustee's bond must also be deducted, leaving $4,883.03 proceeds from the sale of the property.

After adjusting each of the Ament's exemptions to reflect the figures discussed above, the resulting distribution of the amount remaining in the trustee's possession is:

### SUSAN

| $2,441.51 | (½ of $4,883.03 Remaining Proceeds) |
| −800.00 | Rent |
| 1,641.51 | |
| −1,250.00 | Advancement by Trustee |
| 391.51 | |
| +1,060.00 | Reimbursement for Repairs |
| $1,451.51 | |

### DAVID

| $2,441.52 | (½ of $4,883.03 Remaining Proceeds) |
| −800.00 | Rent |
| $1,641.52 | |

### TRUSTEE

| $1,600.00 | Rent |
| 35.00 | Towing Expense |
| $1,635.00 | |